**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4155

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE S. MONTGOMERY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, District Judge. (3:04-cr-00547-MBS)

Submitted: August 31, 2006          Decided: September 5, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Stanley D. Ragsdale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Steven Montgomery appeals his conviction and sentence on several charges of violation of the terms of his supervised release. Montgomery admitted to testing positive for the use of illegal drugs and failing to attend drug treatment, but contested the allegation that he had engaged in new criminal conduct, specifically, the theft of a cell phone from a federal courthouse. After hearing evidence regarding the facts surrounding Montgomery's taking of the cell phone,[1] the district court found Montgomery guilty of violating the terms of his supervised release, revoked Montgomery's supervised release, and sentenced him to 12 months in custody, with no supervised release to follow.

Montgomery's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the district court abused its discretion in revoking Montgomery's supervised release, but concluding that there are no meritorious grounds for appeal. Montgomery was notified of his right to file

---

[1]Montgomery contended that while he did remove the cell phone from the courthouse, he thought the phone was his, and he took it by mistake. Evidence was presented by the Government that the phone number given by Montgomery to his probation officer as the telephone number of the cell phone was actually assigned to another individual unrelated to Montgomery. Plus, review of the videotape taken at the courthouse revealed that while no one in Montgomery's party placed a cell phone into a collection bin at the security gate, Montgomery removed a cell phone from a collection bin upon leaving. Finally, evidence was introduced that twenty-two calls were placed on the cell phone the same day it was taken by an individual not the phone's owner, and Montgomery admitted to making the calls.

an additional brief, which he failed to do.  In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

We find no abuse of discretion in the district court's determination that Montgomery violated the conditions of his supervised release.  In addition to the admitted violations regarding the use of illegal drugs and the failure to attend drug treatment, the Government introduced ample evidence at the hearing to support a finding, by a preponderance of the evidence, that Montgomery engaged in new criminal conduct, specifically, the theft of the cell phone.[2]

Accordingly, we affirm Montgomery's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately

---

[2]As the Government points out, while the district court did not enunciate whether it was making a finding specifically on the allegation of new criminal conduct, Montgomery's admission that he used illegal drugs on supervision was a sufficient basis for the district court to find that Montgomery had violated the terms of his supervised release, and to revoke his supervised release.

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED